IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| MELISSA MABE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | No. 3:16CV00296-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Melissa Mabe, has appealed the final decision of the Commissioner of the Social Security Administration[1] to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a

---

[1] Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is fifty-one years old. (Tr. 35.) She is a high school graduate and her past relevant work includes work as a van driver, office clerk, cashier/grocery checker, sterilizer, and ambulance driver. (Tr. 24, 36.)

Plaintiff alleges she is disabled due to a combination of impairments. The ALJ[2] first found Ms. Mabe had not engaged in substantial gainful activity since November 7, 2013 – the alleged onset date. (Tr. 18.) The ALJ next determined Ms. Mabe has "severe" impairments in the form of anxiety disorder, pain disorder, lumbar spine degenerative disc disease, obesity, and panic disorder without agoraphobia. (*Id*.) The ALJ further found Ms. Mabe did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[3] (Tr. 19-20.)

The ALJ determined Ms. Mabe has the residual functional capacity to perform a slightly reduced range of light work. (Tr. 20.) Given this finding, the ALJ concluded Ms. Mabe could no longer perform her past relevant work. (Tr. 24.) So, utilizing the services of a vocational expert (Tr. 54-58), the ALJ determined whether other jobs existed that Ms. Mabe could perform despite her impairments. The ALJ determined that Plaintiff was capable of performing the jobs of production assembler and house cleaner. (Tr. 25.) Accordingly, the ALJ determined Ms. Mabe was not disabled. (Tr. 25-26.)

In support of her Complaint, Plaintiff argues the ALJ erred by determining her carpal tunnel syndrome was not "severe." (Doc. No. 11 at 26.) If her carpal tunnel syndrome was considered to be "severe," it would, by definition, limit Plaintiff's ability to perform basic work activities. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008).  It has "more than a minimal effect on the claimant's ability to work."  *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).  To the contrary, a non-severe impairment is defined as:

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and
> (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

After careful review, I find no error in this regard.  First, a diagnosis does not necessarily mean the impairment is "severe."  The determination at step two is based *solely* on the medical evidence.  *Riley v. Shalala*, 849 F. Supp. 679, 681 (E.D. Ark. 1993), aff'd, 18 F.3d 619 (8th Cir. 1994).  And there is very little medical evidence to show Plaintiff's carpal tunnel syndrome impacted her ability to perform work related activities.  I note Ms. Mabe stated that typing or writing for long periods of time caused her hands to hurt and impacted the legibility of her handwriting.  (Tr. 210.)  But even taking her statement at face value fails show her impairment was "severe."  Accordingly, I find no merit to her argument on this point.

Plaintiff also argues that the ALJ erred by concluding she maintained the residual functional capacity to perform light work.  (Doc. No. 11 at 26-31.)  I have carefully considered Plaintiff's argument and find that the record provides sufficient evidence to support the ALJ's findings.  Plaintiff's most notable impairments are degenerative disc disease of her lumbar spine and anxiety disorder.  But a review of the treatment notes reveals that Ms. Mabe's doctors ordered only conservative treatment for her back.  (Tr. 274-342.)  And with regard to her mental limitations, the

3

ALJ could rightly rely on the opinions of Jon Etienne Mourot, Ph.D., and Susan Daugherty, Ph.D. While these doctors did not have the benefit of examining Ms. Mabe in person, they reviewed Plaintiff's medical records and I am unable to find fault in either of their opinions. (Tr. 62-79, 82-96.)

Samuel B. Hester, Ph.D., did examine Plaintiff as a part of his Mental Diagnostic Evaluation. (Tr. 377-385.) Dr. Hester's evaluation also fails to support Ms. Mabe's claim that she is completely disabled. He does report Ms. Mabe "may not be able to cope with the mental demands of basic work tasks until she gets back into mental health treatment." (Tr. 383.) And while Plaintiff argues this point is significant (Doc. No. 11 at 29), I disagree. Dr. Hester's statement reveals her impairment is amenable to treatment and, as such, cannot be considered disabling. *Moore v. Astrue*, 572 F.3d. 520, 525 (8th Cir. 2009.)

Plaintiff also argues the ALJ's subjective symptom evaluation was flawed. (Doc. No. 11 at 29.) Given the lack of objective medical evidence in support of Plaintiff's allegations, the conservative treatment prescribed, the lack of ongoing treatment, and the lack of lasting restrictions placed on Plaintiff by her physicians, the ALJ could correctly discount the Plaintiff's subjective complaints. *See Thomas v. Sullivan*, 928 F.2d 255, 259-60 (8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). The inconsistencies between the medical evidence and the Plaintiff's subjective complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989). The ALJ made specific findings explaining his conclusions regarding Plaintiff's subjective complaints. *See Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555 (8th Cir. 1992). This Court should not disturb the decision of any ALJ who seriously considers, but for good reasons, explicitly discredits a claimant's testimony of disabling symptoms. *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993).

I am sympathetic to Ms. Mabe's claims as she clearly has some limitations. But the overall medical evidence provides substantial support for the ALJ's determination that she could perform work at the light exertional level.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285

(8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 30th day of March, 2017.

                                           JOE J. VOLPE
                                           UNITED STATES MAGISTRATE JUDGE